**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| THE SUDDATH COMPANIES; TOTAL MILITARY MANAGEMENT, INC.; NATIONAL HOLDING COMPANY, INC.,<br>*Plaintiffs*,<br>v.<br>THE UNITED STATES,<br>*Defendant,*<br>and<br>HOMESAFE ALLIANCE, LLC,<br>*Defendant-Intervenor.* | Case Nos.: 24-1836, 24-2029, 24-2112<br>Judge Zachary N. Somers<br>**FILED UNDER SEAL** |

**PLAINTIFFS TOTAL MILITARY MANAGEMENT, INC.'S AND NATIONAL HOLDING COMPANY, INC.'S RESPONSE TO MOTION TO DISMISS**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs Total Military Management, Inc. ("TMM"), and National Holding Company, Inc. ("National") (collectively, "Co-Plaintiffs"), through undersigned counsel, hereby respond to Defendant the United States' Motion to Dismiss. As the Court is aware, the seniormost Department of Defense ("DoD") leadership has terminated the nearly $20 billion global household goods contract ("GHC") at issue in this bid protest.[1] The United States now argues that Co-Plaintiffs' protests should be dismissed as moot given this development. (*See* ECF No. 82.)

[1] *See* https://www.defense.gov/News/Releases/Release/Article/4221479/statement-by-chief-pentagon-spokesman-sean-parnell-on-implementation-memorandum/ (*last accessed July 7, 2025*) (citing HomeSafe Alliance, LLC's ("HomeSafe") "demonstrated inability to fulfill their obligations and deliver high quality moves to Service members" to warrant termination).

[redacted]

Co-Plaintiffs do not oppose dismissal. However, rather than the case be resolved by a short-form docket entry that likely would follow a stipulated dismissal, Co-Plaintiffs very respectfully request that the Court issue an opinion describing the nature of the matter and detailing these unexpected developments that have rendered the case academic at the eleventh hour. Co-Plaintiffs are not seeking an advisory opinion indicating how the Court would have ruled on substantive issues in this case, including whether the contract's changes rise to the level of a cardinal change under applicable precedent. Instead, the request is that the Court have the final word on this protracted matter in a published decision bringing transparency to a troubled acquisition in need of it. Co-Plaintiffs respectfully submit that this can be achieved even if there is no final adjudication on the merits.

The public interest would benefit from an expanded decision closing the case. First of all, the parties have made considerable investment in pursuing an award of these household goods moving requirements, and Co-Plaintiffs in particular remain interested in competing for any future contract for military moves. Co-Plaintiffs have invested years and financial resources in the pursuit of a fair opportunity to compete for TRANSCOM's actual requirements, and as the most successful move managers under DoD's legacy moving program, Co-Plaintiffs stand ready to partner with TRANSCOM for its future needs. Co-Plaintiffs thus would benefit greatly from additional insight into how TRANSCOM's requirements relaxed over time and continue to evolve.[2]

[2] DoD has equivocated about its future needs. Most recently, DoD has issued positive statements about the benefits associated with GHC, stating that "there were a lot of good things about GHC as a transformation initiative that really made the system better [but] [t]he problem was the contractor was not meeting our expectations." https://www.defense.gov/News/News-Stories/Article/Article/4229085/pcs-task-force-prioritizes-trust-timeliness-accountability/ (*last accessed July 7, 2025*). On the other hand, as Co-Plaintiffs describe in their Motion to

[redacted]

Moreover, although this protest is brought by prospective bidders against the United States, service members and their families are the most affected by the Government's procurement of household goods moving services. The public interest strongly favors providing greater transparency to this group in particular, which has suffered through the tumultuous transition to GHC. Yet service members largely remain in the dark on the TRANSCOM procurement actions under scrutiny in these proceedings. For example, many of the facts related to HomeSafe's performance of the contract, TRANSCOM's modifications, and disputes over contract requirements are not publicly known but are of paramount interest to various constituencies trying to piece together the extraordinary ending. An expanded decision closing this case will provide that missing insight.

Not to mention, Co-Plaintiffs have invested substantial legal resources in pursuit of this bid protest, and the matter was on the precipice of adjudication until the GHC termination. A written opinion will provide formal legal resolution to this non-routine, interesting case and afford Co-Plaintiffs a level of finality that is unavailable through a short docket entry. *See, e.g.*, *FMS Investment Corp. v. United States*, 138 Fed. Cl. 152 (2018) (Opinion and Order providing "further explanation" of the Court's decision to dismiss protests as moot after agency terminated for convenience protested contract and cancelled the procurement); *Savantage Fin. Servs., Inc. v. United States*, 118 Fed. Cl. 487 (2014) (dismissing protest as moot and describing factual and procedural background and protester's claims); *Harris Patriot Healthcare Sols., LLC v. United States*, 95 Fed. Cl. 585 (2010) (thorough decision dismissing matter after contracting agency implemented stay of performance that was in dispute).

---

Supplement, DoD intends to fundamentally restructure and reduce military moves, including the need and frequency for permanent changes of station ("PCS"). (ECF No. 71 at 8.)

[redacted]

For these reasons, Co-Plaintiffs do not oppose dismissal but respectfully request that the matter be resolved through an expanded published opinion.

Dated: July 7, 2025

Respectfully submitted,

/s/ *Noah B. Bleicher*

Noah B. Bleicher (Counsel of Record)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6063
*nbleicher@jenner.com*

*Of Counsel*

Moshe B. Broder
Jennifer Eve Retener
Ginsey V. Kramarczyk
JENNER & BLOCK LLP

*Counsel for Total Military Management, Inc., and National Holding Company, Inc.*

[redacted]