# In the United States Court of Federal Claims

Nos. 24-1836, 24-2112, 24-2029
(Filed: July 17, 2025)

* * * * * * * * * * * * * * * * * * *

**THE SUDDATH COMPANIES, et al.,**

Plaintiffs,

v.

**THE UNITED STATES, et al.,**

Defendants.

* * * * * * * * * * * * * * * * * * *

**ORDER DISMISSING CASE**

This protest is a consolidation of protests brought by The Suddath Companies (“Suddath”), National Holding Companies, Inc. (“National”), and Total Military Management, Inc. (“TMM”), and joined by Defendant-Intervenor, HomeSafe Alliance LLC (“HomeSafe”). *See The Suddath Cos. v. United States*, No. 24-CV-1836, ECF No. 14; *Nat’l Holding Co. v. United States*, No. 24-CV-2112, ECF No. 10; *Total Mil. Mgmt. v. United States*, No. 24-CV-2029, ECF No. 9. Following replete briefing and oral argument concerning cross-motions for judgment on the administrative record, on June 24, 2025, the government filed a status report, notifying the Court that “[t]he United States Transportation Command (TRANSCOM) has terminated the Global Household Goods Contract (GHC), Contract No. HTC711-22-D-R002, which was the subject of plaintiffs’ protest.” ECF No. 78 at 1. The government represented that it “believes that this termination makes the protests moot.” *Id.* at 2. Thereafter, the government and Plaintiff Suddath filed a stipulation of dismissal of Suddath’s claims without prejudice. ECF No. 81.

Plaintiffs National and TMM, on the other hand, did not follow suit; therefore, on July 2, 2025, the government filed a motion to dismiss the two remaining consolidated protests under Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims (“RCFC”), on the basis that the protests are moot. ECF No. 82. Therein, the government argues that following the June 18, 2025, cancellation of the contract at issue, “Plaintiffs’ requests for relief, in their complaints, have all been rendered moot by TRANSCOM’s termination of the GHC contract” and “[t]here is no longer a controversy between the parties.” *Id.* at 7; *see also id.* at 8. The government underscores:

> Plaintiffs sought a permanent injunction requiring TRANSCOM to cease performance under the GHC contract, which plaintiffs contended was unlawfully

> modified. *See* Suddath MJAR at 3; *see also* TMM/National MJAR at 36. The termination obviates the prior case or controversy between the parties, and accordingly, relieves this Court of jurisdiction . . . .
>
> In short, because plaintiffs' request for an injunction requiring TRANSCOM to cease performance is no longer live, there is nothing more for the Court to do except dismiss.

*Id.* at 8. In response, National and TMM seem to concur that the protest is moot and state that they "do not oppose dismissal." ECF No. 83 at 2, 4. However, National and TMM "respectfully request that the matter be resolved through an expanded published opinion," rather than "by a short-form docket entry." *Id.* at 4, 2.

Plaintiffs' request is denied. Once a case becomes moot, the Court can take no further action. *Flast v. Cohen*, 392 U.S. 83, 94–95 (1968); *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *see also Anderson v. United States*, 344 F.3d 1343, 1349–50 & n.1 (Fed. Cir. 2003) (applying Article III of the Constitution's "case or controversy" requirement to the U.S. Court of Federal Claims, as an Article I court). As the Federal Circuit has made unequivocal, in a bid protest, once the contract at issue has been terminated or otherwise cancelled, the protest is moot. *Veterans Cont. Grp. v. United States*, 743 Fed. App'x 439, 440–41 (Fed. Cir. 2018) (mem.) (holding the appeal to be moot as "each of the remedies [the protestor] originally requested is now beyond the power of this court to grant"); *see also Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 131 (2013) ("[T]he Court of Federal Claims has consistently found that the cancellation of a procurement renders a protest of that procurement moot."). In the absence of a case or controversy, the Court has neither the authority nor the power to award relief to the litigants before it, and the issue is no longer "live." *See eSimplicity, Inc. v. United States*, 122 F.4th 1373, 1376 (Fed. Cir. 2024). As the parties agree, the relief sought by all Plaintiffs has now been realized, and the parties are also aware that "[f]ederal courts do not sit to render advisory opinions." ECF No. 82 at 6 (quoting *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1470 (Fed. Cir. 1997); *cf* ECF No. 83 at 2 (claiming that Plaintiffs are not seeking an advisory opinion).

Therefore, these consolidated protests are **DISMISSED** as moot. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

s/ Zachary N. Somers
Zachary N. Somers
Judge